**FELDSPAR TRUCKING COMPANY, INC.**

v.

**GREATER ATLANTA SHIPPERS ASSOCIATION, INC.**

No. C87–575A.

United States District Court, N.D. Georgia, Atlanta, Division.

Sept. 29, 1987.

Arthur B. Seymour, Office of Arthur B. Seymour, Atlanta, Ga., Joseph L. Steinfeld, Jr., Sims Walker & Steinfeld, Washington, D.C., for Feldspar Trucking Co., Inc. plaintiff counter/defendant.

Robert L. Cope, Grove Jaskiewicz Gilliam & Cobert, Washington, D.C., Quentin Henderson, Jr., Office of Quentin Henderson, Jr., Norcross, Ga., for Greater Atlanta Shippers Ass'n, Inc., defendant counter-claimant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on defendant's motion to stay the action and for referral to the Interstate Commerce Commission (ICC).[1] Plaintiff opposes the motion.

Plaintiff, in its complaint, seeks to recover undercharges in the amount of $51,-493.01 from defendant. Plaintiff alleges that an audit has shown that defendant did not pay the applicable tariff rate that plaintiff filed with the ICC. Pursuant to 49 U.S.C. § 10741(a), plaintiff seeks to compel defendant to pay the higher tariff rate. Defendant alleges that plaintiff, in quoting and billing one rate, and then attempting to collect the higher published rate, has engaged in an unreasonable practice in violation of 49 U.S.C. § 10701(a) and § 10704(a)(1).

Defendant seeks to assert equitable defenses to the collection action. It states that its defense of unreasonable rates and practices falls within the primary jurisdiction of the ICC, and therefore, the action must be referred to the ICC. Defendant also asserts that this court is without subject matter jurisdiction of the issues of unreasonable rates, unreasonable practices, and tariff construction. Plaintiff responds that referral is only required when the ICC's technical expertise is needed to interpret the tariff or to find that a tariff is unreasonable. Plaintiff argues that neither reason for referral is implicated here. The published tariff is unambiguous and may be understood by a person of average intelligence. Additionally, plaintiff states that the issue is not the reasonableness of the published rate, but violations of the rate.

The doctrine of primary jurisdiction is a judge made doctrine that is concerned with the proper relationship between courts and administrative agencies. *See United States v. Western Pacific Co.,* 352 U.S. 59, 63, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091–92 (5th Cir.1973). "[Primary jurisdiction] does not defeat the

---

1. Plaintiff has filed a motion for leave to supplement its response to defendant's motion. Plaintiff directs the court's attention to a similar case recently decided in another district. *Coast Truck Lines, Inc. v. Kaiser Aluminum & Chemical Co.,* No. C87–0048 MHP (N.D.Ca. July 28, 1987). The court had already decided defendant's motion by the time plaintiff sought leave to supplement. Therefore, the court will deny plaintiff's motion for leave to supplement. The court notes, however, that the *Coast Truck* case is in accord with this court's decision on defendant's motion to stay.

  Defendant, replying to plaintiff's motion for leave to supplement, has also filed a motion for leave to supplement its brief in support of its motion to stay. The court will deny defendant's motion.

court's jurisdiction over the case, but coordinates the work of the court and the agency by permitting the agency to rule first and giving the court the benefit of the agency's views." *Mercury Motor*, 475 F.2d at 1092 (citation omitted). Referral to an agency under primary jurisdiction is appropriate when the agency possesses expertise in an area with which courts are unfamiliar. *Id.* Referral is also favored when "it will promote . . . uniformity in a highly regulated area." *Id.* The reasonableness of rates or tariffs is an area where uniformity is important. *Id.* *See also Western Pacific*, 352 U.S. at 65, 77 S.Ct. at 165.

■ Defendant contends that the Supreme Court's decision in *Western Pacific* "clearly states that a federal district court . . . is without jurisdiction to decide issues involving reasonableness of a rate which is contained in a tariff item on file with the [ICC]." *Defendant's Reply Brief* at 1. *Western Pacific* is inapplicable because it involved complicated issues of cost-allocation that the ICC had to resolve before applying the tariff. *See Western Pacific*, 352 U.S. at 69, 77 S.Ct. at 168. In the present case, there are no issues of cost-allocation to be determined in construing the published tariff. The tariff is unambiguous and may be applied without the aid of the ICC's expertise. Defendant has made no specific allegations that the published tariff is unreasonable. The defendant's real objection is that collection of the undercharges would be inequitable. If defendant has specific objections to the reasonableness of the tariff, as opposed to the reasonableness of the application of the tariff, the defendant should file a complaint with the ICC pursuant to 49 U.S.C. § 11701. *Cf. Seaboard*, 794 F.2d at 639.

Although well settled law demonstrates that referral in this case is unnecessary, a recent decision by the Eleventh Circuit and a recent ICC policy statement require comment. The ICC in *Ex Parte* No. MC–177, National Industrial Transportation League–Petition To Institute Rulemaking on Negotiated Motor Common Carrier Rates, 3 I.C.C.2d 99 (Oct. 14, 1986), stated

that it would, at a court's request, undertake an "advisory analysis" of whether in a particular case a negotiated, unpublished rate existed and whether, under the circumstances, a collection of undercharges based on the published rate would constitute an unreasonable practice. *Id.* at 8. The ICC, in effect, would allow a shipper to assert equitable defenses to an action to collect undercharges. The ICC notes that "[t]he referring court would retain final authority to set the remedy. . . ." *Id.*

■ Courts, however, may not order waiver of undercharges based on carrier misquotations or fraud. *Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915). The Supreme Court recently reaffirmed this rule in *Square D Co. v. Niagara Frontier Tariff Bureau*, 476 U.S. 409, 415–17, 106 S.Ct. 1922, 1926, 90 L.Ed.2d 413 (1986). The Court quoted favorably Justice Brandeis' statement in *Keogh v. Chicago & Northwestern R. Co.*, 260 U.S. 156, 163, 43 S.Ct. 47, 49, 67 L.Ed. 183 (1922) that "[t]he rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier." *Square D*, 476 U.S. at 417, 106 S.Ct. at 1926. The Eleventh Circuit recognized the viability of this rule in *Seaboard System R.R. v. United States*, 794 F.2d 635, 638 (11th Cir.1986). The court held that the ICC, in allowing carriers to assert equitable defenses to undercharge actions, did not contradict settled law because *"Maxwell* and related cases, . . . dealt only with the *courts'* authority to grant equitable defenses to undercharge actions." *Id.* (emphasis in original). This court will not contradict settled precedent by waiving undercharges based on equitable defenses, by relying only on the ICC's "advisory analysis". *Accord Carrier Audit & Collection Co. v. United Food Service, Inc.*, No. 87–C–298, slip. op. at 4 (D.Col. May 4, 1987) [available on WESTLAW, 1987 WL 19008]. Therefore, referral to the ICC under its new policy as expressed in *Ex Parte* MC–177 would be unhelpful and would serve only to delay this action.

**1378**

Defendant also urges this court to read *Seaboard* as requiring referral to the ICC. *Seaboard*, however, did not involve a referral. In that case, the defendant shipper filed an administrative complaint with the ICC after the carrier brought suit in federal district court seeking collection of undercharges. The district court stayed the action before it, pending the ICC's determination of the applicability of the tariff rates. The ICC issued an order that the carrier's collection of undercharges would be unreasonable. This was not an advisory analysis undertaken at the request of the district court, but was an order authorized by 49 U.S.C. § 10701(a) and 10704(a)(1). *Id.* at 637. The carrier appealed the order directly to the Eleventh Circuit pursuant to 28 U.S.C. § 2321(a). The court upheld the ICC's order, noting that the ICC's action was within its jurisdiction, though the same action would not be within the authority of the courts. *Id.* at 638. There is nothing in *Seaboard* that mandates referral to the ICC of an undercharge collection case in which a defendant seeks to assert equitable defenses. Similarly, *Seaboard* does not change settled law that courts are not able to waive undercharges based on equitable defenses.

Accordingly, defendant's motion to stay the action and for referral to the Interstate Commerce Commission is DENIED. Plaintiff's motion for default judgment is DENIED as moot. Plaintiff's motion for leave to supplement its response is DENIED. Defendant's motion for leave to supplement its brief in support of its motion to stay is DENIED.