**DELTA TRAFFIC SERVICE, INC.,**
**Assignee of Claxton Transport,**
**Inc., Plaintiff,**

v.

**KNIGHT–RIDDER NEWSPAPER SALES, INC.; Media General Broadcast Service, Inc.; Cox Enterprises, Inc., d/b/a Southeast Paper Manufacturing Co.; KR Newsprint Company; Virginia Paper Manufacturing Corp.; CEI Newsprint, Inc.; Southeast Paper Manufacturing Co., Defendants.**

**Civ. A. No. 1:87–CV–2271–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 12, 1988.

**340**

Arthur B. Seymour, Atlanta, Ga., for plaintiff.

William A. Clineburg, Jr., Steven Samuel Griffin, King & Spalding, Atlanta, Ga., for defendants.

### ORDER

FORRESTER, District Judge.

This action is before the court on the defendants' motion to refer to the Interstate Commerce Commission and to stay the proceedings in this court. The motion presents the issue whether this court is constrained to apply the "filed rate" doctrine or may refer to the ICC for a determination on the applicability of an equitable defense. For the reasons discussed below, the court will grant the defendants' motion to refer and to stay.

### I. FACTS

From October 1982 to December 1985 the defendant utilized the transportation services of Claxton Transport, Inc. Claxton billed the defendant at the negotiated rates, i.e., the rates upon which the parties had agreed. The defendant allegedly relied upon representations made by Claxton and assumed that Claxton had filed the negotiated rates as new tariff rates. However, Claxton apparently never filed the negotiated rates with the ICC, so that Claxton billed the defendant at rates below the rates on file. When Claxton filed for bankruptcy in late 1985, the plaintiff, as Claxton's assignee, began billing the defendant for allegedly overdue balances or underpayments. The defendant refused to pay the claims and the plaintiff instituted this action to collect $37,350.68 plus pre-judgment and post-judgment interest and costs.

### II. DISCUSSION

The filed rate doctrine grows out of the requirement of 49 USC § 10761(a) that carriers must charge the tariff (or filed) rate. Under the filed rate doctrine, "the courts have long refused to recognize carrier rate misquotations as a defense against legal answers by carriers seeking to collect undercharges" because granting such relief might lead to intentional "misquotations" by carriers seeking to discriminate in favor of particular shippers. *Seaboard System Railroad, Inc. v. United States,* 794 F.2d 635, 637–38 (11th Cir.1986).

However, in 1986 the ICC adopted a policy statement holding that, in the post-Motor Carrier Act of 1980 environment, the filed rate doctrine does not necessarily bar equitable defenses and inviting the federal courts to refer cases to the Commission for determination on a case-by-case basis whether collection of the undercharges would be an unreasonable practice. *National Industrial Transportation League–Petition to Institute Rule–Making on Negotiated Motor Common Carrier Rates,* Ex Parte No. MC–177, Slip Op. (ICC October 14, 1986) (*Negotiated Rates* ). In its *Negotiated Rates* opinion, the ICC relied heavily on the Eleventh Circuit's decision in *Seaboard,* which held that the ICC's change from past practice was not contrary to the Interstate Commerce Act and was within the Commission's authority. 794 F.2d at 637.

The defendants' present motion in effect asks the court to accept the ICC's invitation to refer the case to the Commission for it to decide whether the collection of the undercharges sought here would be an unreasonable practice. The judges of this district have split on the question whether

such referral is proper.[1] The plaintiff raises two arguments in opposition to referral, neither of which is persuasive.

First, the plaintiff argues that referral on the basis of the primary jurisdiction doctrine is appropriate only where the tariff itself is ambiguous. However, the defendants contend that the plaintiff's actions in this case constitute an unreasonable practice, and, as the Eleventh Circuit recognized in *Seaboard,* "finding a carrier practice unreasonable is the kind of determination that lies in the primary jurisdiction of the Commission." 794 F.2d at 638 citing *Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 304–05, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976).

Second, the plaintiff argues that this court is nevertheless bound by the filed rate doctrine and therefore cannot give effect to any ICC determination that an equitable defense applies. This argument is unpersuasive because it makes nonsense of the Eleventh Circuit's decision in *Seaboard.* The court there specifically distinguished the traditional filed rate doctrine cases, where *courts* refused to consider the applicability of equitable defenses, because "[i]n none of the cases cited ... had there been a waiver of undercharges by the Commission." 794 F.2d at 638. The Eleventh Circuit nowhere intimated that a district court cannot uphold the *Commission's* application of an equitable defense. Otherwise, the stay of proceedings granted by the district court in the parallel action to *Seaboard* would have been pointless and the Eleventh Circuit presumably would have said so.

Finally, the plaintiff's reliance on the Supreme Court's decision in *Square D Company v. Niagara Frontier Tariff Bureau,* 476 U.S. 409, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986), is misplaced. The court in that antitrust case reaffirmed, in passing, the filed rate doctrine but had no occasion to address the question of equitable defenses to a claim for undercharges or the Commis-

sion's authority to find, in a particular case, that allowing a carrier to collect the tariff rate would be unreasonable.

## III. CONCLUSION

For the foregoing reasons, the defendants' motion to refer this case to the ICC and to stay proceedings in this court is GRANTED. Further proceedings in this court are hereby STAYED and the Clerk of Court may mark this case closed for statistical purposes pending an action by one of the parties under 28 USC § 1336(b) to enforce any order of the ICC arising out of this referral.

---

1. Judges Tidwell and Moye, respectively, granted similar motions to refer to the ICC. *Delta Traffic Services, Inc. v. Commercial Cold Storage, Inc.,* No. 86–2132 (March 23, 1987); *Delta Traffic Services, Inc. v. George A. Hormel and*

*Company,* No. 87–27 (May 19, 1987). Judge Freeman denied a motion to refer to the ICC. *Feldspar Trucking Company v. Greater Atlanta Shippers Association,* 683 F.Supp. 1375 (N.D.Ga. 1987).