Lester TAYLOR, Jackie Taylor, and Tamar Jackman Smith, Plaintiffs,

v.

The DEPARTMENT OF THE AIR FORCE and The Department of Justice, Defendants.

No. Civ.A. 96-S-2273.

United States District Court, D. Colorado.

Sept. 2, 1998.

Alison Ruttenberg, Dennis H. Mark, Waller and Mark, PC, Denver, CO, for plaintiffs.

Gregory B. Kanan, Jennifer C. Robinson, Rothgerber, Appeal, Powers & Johnson, LLP, Linda A. Surbaugh, Arthur R. Goldberg, Caroline Lewis Wolverton, Dept. of the Air Force and Dept. of Justice, U.S. Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on the Recommendation of United States Magistrate Judge Abram that Defendants' Motion for Summary Judgment (filed December 16, 1997) be granted in part and denied in part. The Recommendation was issued on March 16, 1998 and served by mail on March 16, 1998. On April 1, 1998, Plaintiffs filed their Objections to Magistrate's Recommendation. On April 2, 1998, Defendants filed their Objections to Magistrate Judge's Report and Recommendation. The court must make a *de novo* determination of those portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C.

§ 636(b)(1); Fed.R.Civ.P. 72(b). The court has reviewed *de novo* the motion, the Plaintiffs Brief in Opposition (filed February 9, 1998), the Defendants' Reply Brief (filed March 2, 1998), the Recommendation, the Objections, the Defendants' Response to Plaintiffs' Objections (filed April 8, 1998), the Plaintiffs' Response to Defendants' Objections (filed April 15, 1998), the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

1. Standard of Review

The very purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). A "material" fact is one that might affect the outcome of the suit under the governing law. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). The movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548; *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 503 (10th Cir.1994); *Universal Money Ctrs., Inc. v. AT & T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts showing that there is a genuine

issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991); *Applied Genetics Int'l. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

In applying the summary judgment standard, the court construes the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Blue Circle Cement, Inc. v. Board of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir.1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). However, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *FDIC v. Hulsey*, 22 F.3d 1472, 1481 (10th Cir.1994) (emphasis in original). To constitute a genuine factual dispute, there must be more than a scintilla of evidence; summary judgment may be granted if the evidence is merely colorable or is not significantly probative. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir.1993) (citation omitted). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir.1993), quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

2. Background

The Right To Financial Privacy Act (RFPA), 12 U.S.C. § 3401 *et seq.*, prohibits financial institutions from providing the government with information about their customers' financial records unless the customer authorizes the release or the government obtains a valid subpoena or warrant. 12 U.S.C. § 3402; *Jones v. Department of the Air Force*, 947 F.Supp. 1507, 1510 (D.Colo. 1996) (citations omitted). The RFPA prescribes specific procedures by which the gov-

ernment may obtain financial institution records. 12 U.S.C. § 3402. The RFPA also prescribes exceptions for certain disclosures that are not prohibited. 12 U.S.C. § 3413.

The following facts are supported by the record before the court and are essentially undisputed. In 1993, the Air Force Office of Special Investigations (AFOSI) began an investigation of Lieutenant Colonel Larry O. Anderson and Master Sergeant Sylvester Bell, among others, concerning their operation of "The Desert Inn" in La Junta, Colorado. The investigation sought information about the possible theft of government funds, among other things. In 1993, Special Agent Marcus Braer of AFOSI approached Assistant United States Attorney for the District of Colorado (AUSA) Gregory Graf to discuss possible prosecution of Anderson and Bell. AUSA Graf subsequently caused grand jury subpoenas to be issued to La Junta State Bank and Trust (La Junta) and other banks for Anderson's and Bell's bank records. The subpoena to La Junta was issued on or about August 12, 1993 and sought records of Larry and Alberta Anderson. La Junta returned responses to the grand jury subpoenas to the U.S. Attorney's Office. The U.S. Attorney's Office submitted the information to the grand jury. The records were then sent to or picked up by AFOSI. Ultimately, neither Anderson nor Bell were indicted by the grand jury.

Plaintiffs in this case are former customers of La Junta. In responding to the grand jury subpoena for Anderson's records, La Junta inadvertently included copies of some of the Plaintiffs' canceled checks and deposit/withdrawal slips with Anderson's records. This occurred because Plaintiffs' bank account numbers closely followed Anderson's bank account number and some of the Plaintiffs' checks and deposit/withdrawal slips were stored on the same microfiche pages that contained Anderson's records. In duplicating the pages containing Anderson's records, La Junta also copied some of the Plaintiffs' records and sent the entire package to the U.S. Attorney's Office.

Until this case was filed, Defendants were unaware that records belonging to anyone other than Anderson had been provided by La Junta. (Exhibits D, E, and F to Defendants' Motion for Summary Judgment). Plaintiffs were never under investigation by the AFOSI or the U.S. Attorney's Office. Neither the AFOSI nor the U.S. Attorney's Office ever sought any records related to the Plaintiffs. La Junta produced a large volume of records in response to the grand jury subpoenas, with which Plaintiffs' records were inadvertently included. The government agents examining the records never saw any information related to the Plaintiffs and, in fact, had never heard of the Plaintiffs until this case was initiated.

Plaintiffs were unaware that some of their canceled checks and deposit/withdrawal slips had been submitted to the U.S. Attorney's Office and the grand jury until Anderson commenced a lawsuit against the Department of the Air Force and the Department of Justice for violations of the RFPA. In the course of her representation of Anderson, Plaintiffs' counsel received a copy of the subpoenaed La Junta records. Plaintiffs then became aware that La Junta had included some of their records with the Anderson records that were transferred to the U.S. Attorney's Office. (See Exhibit G to Defendants' Motion for Summary Judgment, Response to Interrogatory No. 3 and letter at p. 22).

Plaintiffs' complaint originally sought damages pursuant to 12 U.S.C. § 3417 for: (1) violation § 3402 for the initial receipt of the records by the U.S. Attorney's Office; (2) violation of § 3412(a) and (b) for the subsequent transfer of the records to the AFOSI agents investigating Anderson; (3) violation of § 3420(a)(4) for maintaining the records in a location other than in the sealed records of the grand jury, where the records were not used in the prosecution of a crime for which the grand jury issued an indictment or presentment of for a purpose authorized by Fed. R.Crim.P. 6(e); and (4) violation of § 3420(a) for failing to advise persons to whom disclosure was made of their obligation of secrecy.

Plaintiffs no longer seek injunctive relief because the records have been returned to the U.S. Attorney's Office. (Exhibit H to Defendants' Motion for Summary Judgment, Response to Interrogatory No. 8; Exhibit C

to Defendants' Motion for Summary Judgment ¶ 7). Plaintiffs assert only violations of §§ 3402 and 3412 of the RFPA. (Exhibit G to Defendants' Motion for Summary Judgment, Response to Interrogatory No. 1; Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment p. 4.; April 15, 1997 Scheduling Order pp. 2, 4–5). Plaintiffs seek statutory damages in the amount of $200 pursuant to § 3417(a)(1), punitive damages pursuant to § 3417(a)(3), and attorney fees pursuant to § 3417(a)(4), (Exhibit G to Defendants' Motion for Summary Judgment, Response to Interrogatory No. 1; Brief in Opposition to Defendants' Motion for Summary Judgment p. 4.). Plaintiffs do not seek actual damages pursuant to § 3417(a)(2). *Id.*

3. Objections to Magistrate Judge's Recommendation

a. First, the Magistrate Judge recommended that summary judgment be granted in favor of Defendants on Plaintiffs' § 3402 claim because the records were obtained pursuant to the grand jury subpoena exception set forth in § 3413(*l*). Neither Plaintiffs nor Defendants object to this part of the Recommendation. The court agrees that Defendants are entitled to summary judgment on Plaintiffs' § 3402 claim.

■ b. Second, the Magistrate Judge recommended that summary judgment be denied as to Plaintiffs' claim that their records were transferred from the U.S. Attorney's Office to AFOSI in violation of § 3412 of the RFPA. The Magistrate Judge concluded that Defendants, by transferring Plaintiffs' records to AFOSI, could have violated § 3420 of the RFPA for failure to either use the records for any purpose authorized by the RFPA, destroy the records, or return the records to La Junta. Defendants object to this part of the Recommendation, arguing that: (1) the grand jury subpoena exception set forth in § 3413(i) precludes Plaintiffs' claim under § 3412 just as it precluded Plaintiffs' claim under § 3402; and (2)

§ 3420 does not govern Plaintiffs' § 3412 claim. The court agrees.

Section 3413(i) of the RFPA provides:

Nothing is this chapter (except sections 3415 and 3420 of this title) shall apply to any subpena [sic] or court order issued in connection with proceedings before a grand jury, . . .

12 U.S.C. § 3413(i). It is undisputed that Plaintiffs' bank records were received in response to a grand jury subpoena. Pursuant to § 3413(i), the statutory penalties provided by § 3417 are inapplicable to Plaintiffs' claim for violation of § 3412. The grand jury exemption is categorical and bars recovery by Plaintiffs under § 3412.

■ The Magistrate Judge concluded that the § 3413(i) exemption should not apply to Plaintiffs' § 3412 claim because Defendants' alleged conduct may constitute a violation under § 3420. First, Plaintiffs are not asserting a claim against Defendants under § 3420. Second, even if Plaintiffs were asserting a claim under § 3420, nothing in § 3420 alters the grand jury subpoena exemption provided by § 3413(i). The court concludes that § 3420 does not provide grounds for Plaintiffs' § 3412 claim. Defendants are entitled to summary judgment on Plaintiffs' § 3412 claim.[1]

c. Third, the Magistrate Judge recommended that summary judgment be granted in favor of Defendants on Plaintiffs' claim for punitive damages pursuant to § 3417(a)(3). Plaintiffs have objected to this part of the Recommendation.

The civil penalties provision of the RFPA provides that disclosure of financial records in violation of the RFPA may result in liability for "such punitive damages as the court may allow, where the violation is found to have been willful or intentional." 12 U.S.C. § 3417(a)(3). The Magistrate Judge concluded that neither the evidence nor the law supports Plaintiffs' claim for punitive damages. The court agrees.

■ Plaintiffs argue that punitive damages are authorized by Defendants' transfer

---

1. Because Plaintiffs do not bring a claim under § 3420, no genuine issue of fact remains whether

Defendants' actions may have violated § 3420.

of the records to the AFOSI while Defendants "were engaged in an otherwise willful violation" of the RFPA with regard to Anderson's records. (Plaintiffs' Objections to Magistrate's Recommendation p. 2). However, it is the RFPA violation alleged in this case, not Anderson's case, that must be willful or intentional in order to support a claim for punitive damages. The RFPA violation claimed in this case is the transfer of these Plaintiffs' records from the U.S. Attorney's Office to the AFOSI investigators, not the transfer of Anderson's records. The evidence demonstrates that the initial error was La Junta's in copying Plaintiffs' records along with Anderson's records. The evidence also indicates that Defendants did not know they had received Plaintiffs' records until this lawsuit was filed. The record in this case shows that Plaintiffs' records were inadvertently transferred to the U.S. Attorney's Office and AFOSI investigators along with Anderson's records. At most, Plaintiffs' allegations amount to mere negligence. Plaintiffs' allegations of a past practice of misuse of grand jury subpoenas by Defendants do not create a genuine issue of material fact in this case because these Plaintiffs were never the target of such subpoenas or any such investigation and their records were never used for any purpose. The unintentional, inadvertent conduct established by the evidence does not support Plaintiffs' claim for punitive damages under § 3417(a)(3) of the RFPA.

In addition, the court has determined the violations of § 3402 and § 3412 in favor of Defendants. Plaintiffs' claim for punitive damages is unsupported by the evidence and the law. Defendants are entitled to summary judgment on Plaintiffs' claim for punitive damages.

Accordingly, IT IS ORDERED:

1. The Recommendation of United States Magistrate Judge is ACCEPTED IN PART AND REJECTED IN PART.

2. Defendants' Motion for Summary Judgment is GRANTED. Summary judgment on the First Claim for Relief in the Amended Complaint shall enter in favor of Defendants and against Plaintiffs. Because Defendant La Junta State Bank and Trust

was dismissed with prejudice on July 21, 1997, no further claims remain in the case.

3. The Trial Preparation Conference set October 27, 1998 at 4:00 p.m. and the trial set November 2, 1998 are hereby VACATED.

4. Defendants are awarded their costs.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, United States Magistrate Judge.

This matter comes before the Court regarding the Defendants Department of the Air Force and Department of Justice's Motion for Summary Judgment, filed December 16, 1997. Plaintiffs filed a response on February 9, 1998, and Defendants filed a reply on March 2, 1998. A hearing on the motion was held on March 5, 1998 before United States Magistrate Judge Donald E. Abram. Magistrate Judge Abram hereby makes the following recommendation.

## I. BACKGROUND

This case arises out of an investigation of Air Force Lieutenant Colonel Larry Anderson and Master Sergeant Sylvester Bell, conducted by the Air Force Office of Special Investigations ("OSI"). The investigation of Anderson and Bell began in May 1993 and concerned their operation of an all-ranks club in La Junta, Colorado. Marcus Braer was one of the OSI agents involved in the investigation. In the summer of 1993, Braer met with an Assistant United States Attorney, Gregory Graf, to discuss the investigation and whether the United States Attorney's Office might be interested in prosecuting Anderson and Bell. Graf initially declined prosecution of the case but later reviewed the OSI investigative file and opened a case on the matter.

Graf subsequently caused grand jury subpoenas to be issued to banks, including La Junta State Bank and Trust, for Anderson's and Bell's bank records. Plaintiffs' account numbers closely followed Anderson's account number, and so copies of some of the Plaintiffs' checks and deposit/withdrawal slips were stored on the same microfiche pages as

Anderson's information. Thus, in the process of copying the records from microfiche to respond to the subpoenas, La Junta State Bank and Trust copied some of Plaintiffs' bank records as well. Plaintiffs records were then provided to the United States Attorney's Office along with the records responsive to the subpoena. Graf contends that he did not notice that Plaintiffs' records were included in the materials, and none of the Defendants were aware that Plaintiffs' records had been included in the responses to the subpoena until the filing of this lawsuit. Plaintiffs were not the subject of any investigation, and their records were never used by Defendants for any purpose.

After the records were received by the United States Attorney's Office for use in the grand jury proceedings, they were mailed to Braer and Captain Michelle Place at the OSI. Braer testified in his deposition that he did not receive any document informing him of his duties and responsibilities concerning the secrecy of grand jury proceedings pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure with regard to the documents; however, he was aware of the grand jury secrecy rule. (Braer Dep. at 28–32.) According to Braer, he believed he was authorized to use the records in a report of an investigation. Braer noted in an internal memorandum, dated November 19, 1993, that the records were subpoenaed by the United States Attorney's Office "as a courtesy as there is no interest to prosecute anyone at that level." (Pl.s' Ex. A.) Braer also testified that he believed that any procedures that were necessary with regard to the OSI's use of the documents obtained through the grand jury subpoena would be handled by Graf. (Braer Dep. at 32–34.) Braer's use of the documents did not involve Plaintiffs in any way, and he only used the documents for the OSI's investigation regarding Anderson and Bell. At some point, the records were returned to the United States Attorney's Office.

Plaintiffs have sued Defendants under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422 (1989 & Supp.1998). Plaintiffs allege Defendants violated the RFPA, first, by wrongfully obtaining the records pursuant to "bogus" grand jury subpoenas, and second, by transferring the records from the United States Attorney's Office to the OSI without following the proper procedures as required by the Act. Plaintiffs seek statutory and punitive damages pursuant to 12 U.S.C. § 3417 (1989). Defendants have moved for summary judgment, arguing that (1) government agencies cannot be held liable under the RFPA for unknowing receipt of information they did not request; (2) the RFPA exempts records received in response to a grand jury subpoena, regardless of any misconduct of agents working with the grand jury; and (3) Defendants cannot be held liable for punitive damages because the alleged violations of the RFPA were not willful or intentional.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 55(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of proof of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 742 (10th Cir.1991). The movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548; *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.1994). If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991); *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

In applying the summary judgment standard, the court construes the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Blue Circle Cement, Inc. v. Board of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir.1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). However, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *FDIC v. Hulsey*, 22 F.3d 1472, 1481 (10th Cir.1994) (emphasis in original). A "material" fact is one that might affect the outcome of the suit under the governing law. An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

## III. DISCUSSION

The purpose of the RFPA is "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." *McDonough v. Widnall*, 891 F.Supp. 1439, 1447 (D.Colo. 1995) (quoting H.R.Rep. No. 1383, 95th Cong., 2d Sess. 33, *reprinted in* 1979 U.S.C.C.A.N. 9305). The RFPA provides that with a few enumerated exceptions, "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described" and the customer has authorized the disclosure or the records are disclosed in response to a subpoena, search warrant, or formal written request as provided by the Act. 12 U.S.C. § 3402 (1989). One of the exceptions provided by the RFPA concerns disclosure of financial records pursuant to issuance of a subpoena or court order respecting a grand jury proceeding. In that regard, the RFPA provides as follows:

Nothing in this chapter (except sections 3415 and 3420 of this title) shall apply to any subpoena or court order issued in connection with proceedings before a grand jury, except that a court shall have authority to order a financial institution, on which a grand jury subpoena for customer records has been served, not to notify the customer of the existence of the subpoena or information that has been furnished to the grand jury, under the circumstances and for the period specified and pursuant to the procedures established in section 3409 of this title.

12 U.S.C. § 3413 (1989 & Supp.1998).

The RFPA also prohibits the transfer of financial records originally obtained under the RFPA to another agency or department "unless the transferring agency or department certifies in writing that there is reason to believe that the records are relevant to a legitimate law enforcement inquiry within the jurisdiction of the receiving agency or department." 12 U.S.C. § 4312 (1989 & Supp.1998). Finally, the RFPA provides civil penalties as follows:

Any agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate in an amount equal to the sum of ... $100 without regard to the volume of records involved; ... any actual damages sustained by the customer as a result of the disclosure; ... such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and ... in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

12 U.S.C. § 3417 (1989).

■ Defendants' first argument is that they are not liable under the RFPA because they did not "obtain" Plaintiffs' records within the meaning of the Act since they did not know they had received Plaintiffs' records along with the records responsive to the subpoenas. The Court finds this argument is not a reasonable construction of the plain

language of the Act, especially when § 3402 refers to having "access to," as well as obtaining, copies of records. The Defendants certainly had access to Plaintiffs' records when the records were in the possession of the Defendants. Nevertheless, the Court agrees that because the records were obtained pursuant to the issuance of a grand jury subpoena, Plaintiffs may not recover under the RFPA for the act of obtaining the records. 12 U.S.C. §§ 3402 and 3413(I). See *In re Grand Jury Proceedings,* 636 F.2d 81, 86 (5th Cir.1981) (noting that allowing a grand jury to inspect microfilm records which would disclose transactions not the subject of the grand jury inquiry would not expose a bank to liability due to the exemption provision of the statute and because the protection the Act otherwise provides for handling of grand jury information). Further, any alleged improprieties with regard to the issuance of the grand jury subpoena are not relevant to this action because Plaintiffs' records were not the subject of the subpoena. Defendants are entitled to summary judgment on this issue.

The more difficult issue in this case concerns the transfer of the records by the United States Attorney's Office to the OSI. Although Defendants state that they did not know Plaintiffs' records were included in the documents, the plain language of the RFPA implies that Defendants did have an obligation to inspect the records for presentation to the grand jury and to treat them according to specific procedures. 12 U.S.C. § 3420 (1989). Although the exemptions section of the RFPA protects the Defendants from liability for obtaining the records, such section specifically notes that § 3420 applies to materials obtained pursuant to a grand jury subpoena. Thus, Defendants cannot escape liability for the transfer of the records merely because they were obtained pursuant to a grand jury subpoena. Section 3420 requires that the records must be returned and actually presented to the grand jury; that the records must be used only for the purpose of considering whether issue an indictment or presentment by the grand jury or of prosecuting a crime or another purpose authorized by Fed.R.Crim.P. 6(e); that the records must be destroyed or returned to the financial institution if not used for one of the specified purposes; and that the records shall not be maintained by any government authority other than in the sealed records of the grand jury. *Id.* Thus, since the Defendants did not use Plaintiffs records for the purposes described in the RFPA (or any other purpose), they were required by § 3420 to destroy the records or return them to the bank. The fact that Defendants apparently did not inspect the records to know that Plaintiffs' records were in their possession does not excuse their actions in failing to comply with the RFPA. Accordingly, Defendants are not entitled to summary judgment on Plaintiffs' claim that their records were improperly transferred from the United States Attorney's Office to the OSI in violation of the RFPA.

Finally, Defendants argue that Plaintiffs are not entitled to punitive damages. The RFPA provides for punitive damages if the actions of the Defendants were willful or intentional. Plaintiffs have failed to present any evidence or case law supporting their position that the actions of the Defendants were willful or intentional. The initial mistake was clearly the bank's in its apparent carelessness in copying the documents. The government had no control over such actions of the bank and could not know the additional records had been provided until after the United States Attorney's Office possessed them.

The Tenth Circuit has defined the term "willful or intentional" to require conduct amounting to more than gross negligence. *Andrews v. Veterans Administration of the United States,* 838 F.2d 418, 425 (10th Cir. 1988). The terms contemplate action "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Id.* (citations and internal quotation marks omitted). In this case, the fact that the Defendants apparently did not inspect the records in enough detail to know that Plaintiffs' records had been provided does not, as a matter of law, constitute willfulness. Rather, such actions are more akin to negligence. Plaintiffs' allegations of a past pattern and practice of misuse of grand jury subpoenas by the Defendants are not

relevant to this case and do not create disputed issues of material fact because Plaintiffs were never the target of the subpoenas or any investigation, and their records were never used for any purpose. As such, Plaintiffs are not entitled to punitive damages under the RFPA, and such claim should be dismissed.

THEREFORE, IT IS RECOMMENDED that Defendants Department of the Air Force and Department of Justice's Motion for Summary Judgment be denied in part and granted in part, according to the matters discussed in this Recommendation, and that Plaintiffs' claim for punitive damages be dismissed.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties have ten (10) days after service hereof to serve and file written, specific objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file such written specific objections to the findings of fact, conclusions of law and recommendations of the Magistrate Judge as set forth in this document **will bar** the party from a *de novo* determination by the District Judge. *United States v. Raddatz,* 447 U.S. 667, 676–83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Additionally, the failure to file written specific objections to the findings of fact, conclusions of law or recommendations of the United States Magistrate Judge in this document within ten (10) days after being served with a copy **will bar** appellate review of the findings of fact, conclusions of law or recommendations of the Magistrate Judge. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).

March 16, 1998.