**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESTER TAYLOR, JACKIE
TAYLOR, and TAMAR JACKMAN
SMITH,

      Plaintiffs - Appellants,

v.

UNITED STATES AIR FORCE and
UNITED STATES DEPARTMENT
OF JUSTICE,

      Defendants - Appellees.

No. 98-1405

(D. Colorado)

(D.C. No. 96-S-2273)

**ORDER AND JUDGMENT**  [*]

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lester Taylor, Jackie Taylor, and Tamar Jackman Smith (Plaintiffs) appeal the district court's order which granted summary judgment against them on their claim that the United States Air Force and the United States Department of Justice (Defendants) violated their rights under § 1112 of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3412. They contend that the court erred by applying 12 U.S.C. § 3413(i) to bar their claim. We affirm.

## BACKGROUND

In connection with an investigation of an Air Force officer, agents of the Air Force Office of Special Investigations ("AFOSI") spoke to Gregory Graf, Assistant United States Attorney for the District of Colorado. Thereafter, Graf caused grand jury subpoenas to be issued to La Junta State Bank and Trust for the officers's bank records. La Junta responded by making copies of the requested financial records. Since Plaintiffs' account numbers closely followed the officer's, copies of their checks and deposit/withdrawal slips were occasionally stored on the same microfiche pages, and La Junta inadvertently included copies of those records along with the officer's. La Junta then sent all the copies it had made to Graf's office.

After Graf received the records, he submitted the information to the grand jury.[1] The records were then sent or picked up by the AFOSI, for its use in a military proceeding against the officer, which it ultimately lost. In any event, Plaintiffs were never under investigation, their records were never affirmatively sought, and they were unaware that their records had been included with the officer's until the officer commenced an action against the Defendants for violations of RFPA. Additionally, Defendants' declarations attached to their motion for summary judgment indicate that, until this case was filed, they were unaware of the fact that Plaintiffs' records had been included with the officer's. [2]

Upon discovering that their records had been provided to the AFOSI, Plaintiffs brought this suit against La Junta, the Department of Justice and the Department of the Air Force, claiming violations of RFPA. La Junta settled with Plaintiffs, and Defendants moved for summary judgment. Although their complaint originally claimed violations of 12 U.S.C. §§ 3402, 3412 and 3420, and sought damages and injunctive relief pursuant to §§ 3417-3418, by the time of the

---

[1]No indictment was returned against the officer.

[2]The district court order recites this "essentially undisputed" background fact. Appellants' App. at 172-73. Nonetheless, Plaintiffs do dispute this fact on appeal, contending that it would have been impossible for Defendants to have competently prepared the case against the officer without becoming aware of Plaintiffs' records. However persuasive Plaintiffs' argument may be, the date when Defendants became aware of Plaintiffs' records is not material to our consideration.

summary judgment motions, Plaintiffs had pared their claims. In the summary judgment proceedings, Plaintiffs' claims concerned violations of two sections only: § 3402 (related to the manner in which Graf originally obtained the records) and § 3412 (related to the transfer of records from Graf to the AFOSI). Additionally, Plaintiffs had dropped their claim for injunctive relief, which had become moot.

Reasoning that § 3402 was subject to an exception for materials obtained pursuant to a grand jury subpoena, the magistrate judge recommended granting Defendants' summary judgment motion as to the § 3402 claim. Plaintiffs did not object to that recommendation, and the district court adopted it. However, the magistrate judge recommended denying summary judgment as to the § 3412 claim involving the transfer of the records from Graf to the AFOSI. [3] Defendants objected. Upon de novo review, the district court rejected the magistrate judge's recommendation, and it granted summary judgment to the defendants on the § 3412 claim. Taylor v. Department of the Air Force, 18 F. Supp. 2d 1184 (D. Colo. 1998).

---

[3] The magistrate judge concluded that Defendants might have violated 12 U.S.C. § 3420, which governs the manner in which grand jury records are to be maintained and used.

**DISCUSSION**

We review de novo the district court's grant of summary judgment, applying the same standard used by the district court, and viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

As the district court correctly noted, generally, the RFPA does not apply "to any subpena or court order issued in connection with proceedings before a grand jury." 12 U.S.C. § 3413(i). Thus, the district court concluded that, since the records were received in response to a grand jury subpoena, Defendants were not subject to the notice requirements of § 3412. Plaintiffs now contend that the district court improperly characterized their records as having been provided "in response" to a grand jury subpoena. According to the Plaintiffs' reasoning, since they were never the subject of the subpoena, their records could not have been provided "in response" to it.

As the Defendants note, Plaintiffs' present argument directly contradicts the argument they made in their summary judgment brief before the district court. Appellants' App. at 153-54 ("The financial records were disclosed in response to

a Grand Jury subpoena . . . .").  Moreover, Plaintiffs failed to object to the magistrate judge's identical characterization in his recommendation that their § 3402 claim be dismissed.  Accordingly, we do not now consider the argument on appeal.  See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge