**In re GRAND JURY PROCEEDINGS.**

**In Camera.**

**No. 80–5090**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 30, 1981.

Stephen Wein, St. Petersburgh, Fla., for petitioner-appellant.

Deborah Watson, Atty., Appellate Section, Criminal Division, U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

In this appeal we are required to determine 1) whether a district court order denying reimbursement of costs of complying with a grand jury subpoena is an appealable order; and 2) whether 12 U.S.C. § 3415 (Supp. III 1979) requires reimbursement for costs incurred in complying with a grand jury subpoena when the financial institution ordered to supply the records is the target of the grand jury investigation. We hold that the order is appealable and affirm the denial of reimbursement.

A federal grand jury began investigating violations of appellant bank and certain of its officers and board members for violations of 31 U.S.C. §§ 1051 *et seq.* (1976), the Currency and Foreign Transactions Reporting Act. Appellant bank was served a subpoena duces tecum issued on behalf of the grand jury and requiring it to produce records relating to currency transactions in excess of $10,000.[1]

---

1. The subpoena reads, in part, as follows:

   (1) Any and all records of the [bank] relating to currency transactions (deposits, withdrawals or exchanges) in excess of $10,000 with individuals or business entities for [a four year period]. These records include, but are not limited to, deposit slips, bank statements, ledgers, certificates of deposit, and microfilm reproductions of any and all records relating to the currency transactions in excess of $10,000.

The bank filed a motion to quash the subpoena claiming that it was oppressive and overbroad. The bank requested that if it should be required to comply with the subpoena, it should be reimbursed for the cost of compliance under 12 U.S.C. § 3415 (Supp. III 1979).

In an *in camera* hearing on the motion the bank conceded that the government was entitled to request from the bank all documents dealing with currency transactions in excess of $10,000. It argued that since an examination of the microfilm records for the years called for would disclose transactions not the subject of the grand jury inquiry, allowing an examination of all the microfilmed records for the period covered would expose the bank to liability under the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401–3422 (Supp. III 1979).

The court denied the bank's motion to quash the subpoena and ordered it to produce the requested materials at its own expense, or at its option, to permit three designated grand jury agents to view and copy the relevant records at government expense.[2] The court ordered that in the event that the grand jury agents were to review the records, they were to copy only those records called for in the subpoena. The bank notified the court that it had elected to produce the records itself and hired an independent company to make an initial review of the films. The bank filed Notice of Appeal in this court on February 7, 1980.

■ At the outset, we are required to determine whether this court has jurisdiction over this appeal.[3] We note that we are not deciding whether the order denying the motion to quash is an appealable order. It is settled law that denial of a motion to quash a grand jury subpoena must be at-

tacked by means of refusal to obey followed by contempt proceedings. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed. 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). *But see In re Grand Jury: Schmidt & Sons*, 619 F.2d 1022, 1024–25 (3d Cir. 1980) (order final with respect to intervenor).

■ The question whether the trial court erred in denying reimbursement for costs is, however, reviewable under the collateral order doctrine stemming from *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Bennett v. Behring Corp.*, 629 F.2d 393 (5th Cir. 1980) this court recently reviewed the criteria that must be met before an otherwise interlocutory order can be deemed final under the collateral order doctrine.

First, the substance of the collateral order must be independent and easily separable from the substance of the other claims. In the instant appeal, the bank does not question the validity of the subpoena or its obligation to provide the grand jury with the materials requested. Its only argument is that it is entitled to reimbursement under 12 U.S.C. § 3415 for its expenses in providing the information. The cost issue is entirely severable from the issue of the validity of the motion to quash. Further, the denial of reimbursement was in no sense tentative, informal, or incomplete. *Western Electric Co. v. Milgo Electronic Corp.*, 568 F.2d 1203, 1207, *cert. denied*, 439 U.S. 895, 99 S.Ct. 255, 58 L.Ed. 241 (1978).

Second, at least part of the question of collateralness must be determined by the need to secure prompt review in order to protect important interests of any party. In the case before us, unless the bank can seek reversal of the denial of costs in this

---

(2) The Bank Proof Machine Tapes of the [bank] for the [four year period].

       *     *     *     *     *     *

**2.** The bank submitted with its motion an affidavit stating that there are a total of 40,200 items on each one of 250 rolls of microfilm covering the period being investigated. It maintained that it would take eight hours to review every item on one roll of film and would take a

trained employee approximately fifty work weeks to review all the film.

**3.** Although, neither party raised the question of appealability, we are required to do so *sua sponte* if a question appears in the record. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed. 435 (1976).

appeal, the opportunity for review will be entirely lost. There will be no further proceeding at which the reimbursement issue will be before a court.[4]

■ Third, the *Cohen* doctrine requires that the finality issue be examined in the light of practical, rather than narrowly technical, considerations. The finality rule is a balance between "the inconvenience and cost of piecemeal review on one hand and the danger of denying justice by delay on the other." *Dickenson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950) (footnote omitted); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171, 94 S.Ct. 2140, 40 L.Ed. 372 (1974). Although as a jurisdictional prerequisite, the doctrine of finality and its exceptions are narrowly construed, *North American Acceptance Corp. Securities Cases v. Arnall, Golden & Gregory*, 593 F.2d 642, 645 (5th Cir.), *cert. denied*, 444 U.S. 956, 100 S.Ct. 436, 62 L.Ed. 328 (1979); see *Litton Systems, Inc. v. Southwestern Bell Tel. Co.*, 539 F.2d 418, 425 (5th Cir. 1976) to construe narrowly in this case would not be just. Failure to review would leave open a question concerning a United States statute the interpretation of which is important to all financial institutions in this circuit. *Compare In re Corrugated Container Antitrust Litigation*, 611 F.2d 86.(5th Cir. 1980).

■ A review of the provisions of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401–22 (Supp. III 1979) convinces us

that Congress did not intend that a bank which is itself a target of a grand jury investigation should be reimbursed for its costs in complying with a grand jury subpoena.[5]

■ In general, the Act seeks to protect the customers of financial institutions from unwarranted intrusion into their records by providing that government access to records be allowed only if pursuant to a valid, written customer authorization after notice to the customer. (12 U.S.C. § 3402).

Under Section 3413(i),[6] however, disclosure pursuant to issuance of a subpoena or court order respecting a grand jury proceeding is exempted from all provisions of the Act except, Section 3415, the reimbursement section, and Section 3420 which controls the nature of the search. This special exemption for grand jury subpoenas was created to protect the grand jury system. "[E]xpanded notice and challenge rights in the grand jury context could seriously jeopardize its traditional secrecy and, in so doing, pose a considerable threat to the privacy rights of individuals being investigated." Hearings on S 2096, S 2293, and S 1460 before the Senate Subcommittee on Financial Institutions of the Committee on Banking, Housing and Urban Affairs, 95th Cong., 2d Sess. 188 (May 17, 1978) (statement of Deputy Attorney General Benjamin R. Civiletti).

Under Section 3415,[7] a government au-

---

**4.** Regarding *customers* of financial institutions, the Act provides that a court ruling denying a motion or application under the Act is not a final order and may only be appealed as part of a final order in any legal proceeding initiated against the customer arising out of or based upon the financial records. 12 U.S.C. § 3410(d).

**5.** As our discussion of the statute requires our moving "from Tinker to Evers to Chance" through the statute, for the convenience of our readers we will set out the provisions in the margin as we discuss them.

**6.** (i) Disclosure pursuant to issuance of subpena or court order respecting grand jury proceeding
    Nothing in this chapter (except sections 3415 and 3420 of this title) shall apply to any

subpena or court order issued in connection with proceedings before a grand jury.

**7.** § 3415. Cost reimbursement
    Except for records obtained pursuant to section 3403(d) or 3413(a) through (h) of this title, or as otherwise provided by law, a Government authority shall pay to the financial institution assembling or providing financial records pertaining to a customer and in accordance with procedures established by this chapter a fee for reimbursement for such costs as are reasonably necessary and which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required or requested to be produced. The Board of Governors of the Federal Reserve System shall, by regulation, establish the rates and conditions under which such payment may be made.

thority[8] is required to pay the financial institution providing records *pertaining to a customer* a fee in reimbursement for reasonable and necessary costs.[9] This provision is, in turn, subject to the exceptions of Section 3413(a) through (h).[10] It is clear, and the government concedes, that in situations where an individual customer of the bank is being investigated, the bank could recover its costs under Section 3415. Sec-

8. § 3401. Definitions
    For the purpose of this chapter, the term—
    \*    \*    \*    \*    \*    \*
    (3) "Government authority" means any agency or department of the United States, or any officer, employee, or agent thereof.

9. We note that under authority of Section 3415, the Federal Reserve Board has promulgated the following regulation regarding reimbursement:
    (12 C.F.R. § 219.4 (1979)):
    A financial institution is not entitled to reimbursement under the Act for costs incurred in assembling or providing the following financial records or information:
    (j) *Investigation of a financial institution or its noncustomers*
    Financial records sought by a government authority in connection with a lawful proceeding, investigation, examination, or inspection directed at the financial institution in possession of such records or at a legal entity which is not a customer.

10. § 3413. Exceptions.
    (a) Disclosure of financial records not identified with particular customers
    Nothing in this chapter prohibits the disclosure of any financial records or information which is not identified with or identifiable as being derived from the financial records of a particular customer.
    (b) Disclosure pursuant to exercise of supervisory, regulatory, or monetary functions of financial institutions
    Nothing in this chapter prohibits examination by or disclosure to any supervisory agency of financial records or information in the exercise of its supervisory, regulatory, or monetary functions with respect to a financial institution.
    (c) Disclosure pursuant to Internal Revenue Code
    Nothing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by the Internal Revenue Code [26 U.S.C. 1 et seq.].
    (d) Disclosure pursuant to Federal statute or rule promulgated thereunder
    Nothing in this chapter shall authorize the withholding of financial records or information required to be reported in accordance with any Federal statute or rule promulgated thereunder.
    (e) Disclosure pursuant to Federal Rules of Criminal Procedure or comparable rules of other courts
    Nothing in this chapter shall apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties.
    (f) Disclosure pursuant to administrative subpena issued by administrative law judge
    Nothing in this chapter shall apply when financial records are sought by a Government authority pursuant to an administrative subpena issued by an administrative law judge in an adjudicatory proceeding subject to section 554 of title 5 and to which the Government authority and the customer are parties.
    (g) Disclosure pursuant to legitimate law enforcement inquiry respecting name, address, account number, and type of account of particular customers
    The notice requirements of this chapter and section 3410 and 3412 of this title shall not apply when a Government authority by a means described in section 3402 of this title and for a legitimate law enforcement inquiry is seeking only the name, address, account number, and type of account of any customer or ascertainable group of customers associated (1) with a financial transaction or class of financial transactions, or (2) with a foreign country or subdivision thereof in the case of a Government authority exercising financial controls over foreign accounts in the United States under section 5(b) the Trading With the Enemy Act [12 U.S.C. 95a, 50 App.U.S.C. 5(b)]; the International Emergency Economic Powers Act
    (h) Disclosure pursuant to lawful proceeding, investigation, etc., directed at financial institution or legal entity or consideration or administration respecting Government loans, loan guarantees, etc.
    (1) Nothing in this chapter (except sections 3403, 3417 and 3418 of this title) shall apply when financial records are sought by a Government authority—
    (A) in connection with a lawful proceeding, investigation, examination, or inspection directed at the financial institution in possession of such records or at a legal entity which is not a customer; or
    (B) in connection with the authority's consideration or administration of assistance to the customer in the form of a Government loan, loan guaranty, or loan insurance program.
    \*    \*    \*    \*    \*    \*

tion 3413(h), however, prohibits the bank from recovering the costs of providing the information when it is the target of the investigation. The record establishes that the bank was a target of the investigation and thus the reimbursement section is made inapplicable by Section 3413(h).

Because the statute exempts disclosure pursuant to grand jury subpoena from the notice and challenge provisions of the Act as well as the civil penalty sections, the bank's argument that it could not accept the government's offer to have agents of the grand jury examine the records for fear of violating the Act, is groundless. The order of the district court carefully circumscribed the authority of the grand jury agents. Further protection for the customers of the bank is provided under the provisions of Section 3420[11] which is specifically applicable when information is requested pursuant to grand jury subpoena.

The order of the district court denying reimbursement to the bank is AFFIRMED.

11. § 3420. Grand jury information

    Financial records about a customer obtained from a financial institution pursuant to a subpena issued under the authority of a Federal grand jury—

    (1) shall be returned and actually presented to the grand jury;

    (2) shall be used only for the purpose of considering whether to issue an indictment or presentment by that grand jury, or of prosecuting a crime for which that indictment or presentment is issued, or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure;

    (3) shall be destroyed or returned to the financial institution if not used for one of the purposes specified in paragraph (2); and

    (4) shall not be maintained, or a description of the contents of such records shall not be maintained by any Government authority other than in the sealed records of the grand jury, unless such record has been used in the prosecution of a crime for which the grand jury issued an indictment or presentment or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure.