**FELDSPAR TRUCKING CO., INC.,**
**Plaintiff–Appellee,**

v.

**GREATER ATLANTA SHIPPERS**
**ASSOCIATION, INC.,**
**Defendant–Appellant.**

No. 87–8824.

United States Court of Appeals,
Eleventh Circuit.

July 20, 1988.

Robert L. Cope, Grove, Jaskiewicz, Gilliam & Cobert, Andrew M. Danas, Washington, D.C., Quentin Henderson, Norcross, Ga., for defendant-appellant.

Arthur B. Seymour, Atlanta, Ga., Joseph L. Steinfeld, Jr., Sims, Walker & Steinfeld, Washington, D.C., for plaintiff-appellee.

Before JOHNSON, Circuit Judge, HENDERSON *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

JOHNSON, Circuit Judge:

This appeal arises from the denial of a motion to refer questions to the Interstate Commerce Commission (ICC) and to stay proceedings pending ICC resolution of those questions. 683 F.Supp. 1375 (1987). We dismiss for lack of jurisdiction.

I. *Background*

Feldspar Trucking Company is a common carrier and Greater Atlanta Shippers Association (GASA) is a not-for-profit shippers association. Between January 1984 and April 1986, Feldspar carried shipments consigned to GASA. For each shipment, Feldspar quoted GASA a flat rate, which Feldspar invoiced and GASA paid in full. Later Feldspar claimed that GASA had been undercharged $51,493.01. GASA refused to pay the additional amount. Feldspar brought this suit as a tariff undercharge matter. GASA counterclaimed that the rates and practices of Feldspar were unlawful and unreasonable under the Interstate Commerce Act and generally unjust, and that these determinations should be made by the ICC.[1] On September 29, 1987,

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Hon. Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. GASA also seeks recovery for negligent rate quoting and tariff filing, fraud, and RICO violations by Feldspar.

the district court declined to refer any questions to the ICC.

GASA raises three issues on appeal: (1) whether the district court erred in holding that GASA had no equitable defenses available as a matter of law; (2) whether the district court erred in denying GASA's motion to refer the question of unreasonable rates and charges to the ICC; and (3) whether the district court erred in denying GASA's motion to stay the action pending ICC resolution of referred matters. We do not reach the merits of these issues because we conclude that this Court has no jurisdiction to consider the interlocutory appeal.

## II. *The Enelow–Ettelson Doctrine*

GASA appeals this case under 28 U.S.C.A. § 1292(a)(1). Section 1292(a)(1) provides jurisdiction for appeals of interlocutory orders "granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions." The traditional section 1292(a)(1) analysis included the *Enelow–Ettelson* doctrine, which held that a denial or grant of a stay for the determination of an equitable defense in an action at law was immediately appealable.[2] This doctrine was almost universally criticized, and now finally has been abolished by the Supreme Court. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

This Circuit has a closely related doctrine: the action-at-law doctrine. This doctrine first appeared in *Jackson Brewing Co. v. Clarke*, 303 F.2d 844, 845 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962):

An order staying or refusing to stay proceedings in the district court is appealable under § 1292(a)(1) only if (a) the action in which the order was made is in an action which, before the fusion of law and equity, was by its very nature an action at law; and (b) the stay was sought to permit the prior determination of some equitable defense or counterclaim.

*Jackson Brewing* formulated the action-at-law doctrine as a composite from *Baltimore Contractors Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955), the *Enelow* and *Ettelson* cases, and all cases of the genre in between. 303 F.2d at 845 n. 1. As this Circuit's restatement of the *Enelow–Ettelson* line of cases, the action-at-law doctrine must go the way of the *Enelow–Ettelson* doctrine.

The remaining avenue of interlocutory appeal under section 1292(a)(1) is the serious/irreparable consequence exception. To meet this exception, an appellant must show that the district court order " 'might have [a] serious, perhaps irreparable, consequence' and that the order may be 'effectually challenged' only by immediate appeal." *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 170 (5th Cir. Unit B 1981) (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981)). After *Gulfstream*, section 1292(a)(1) appealability remains a limited exception and does not arise simply because an order has an injunction-like effect. *Carson*, 450 U.S. at 84, 101 S.Ct. at 996.

The order being appealed in this case is the September 29, 1987 denial of GASA's motion to stay the district court's proceedings pending referral of matters raised in the litigation to the ICC under the doctrine of primary jurisdiction. The district court order concluded that: (1) the tariff in question was unambiguous and did not require ICC expertise; (2) any claim of unreasonableness as to the tariff could be filed separately with the ICC; (3) GASA lacked equitable defenses to Feldspar's action to collect undercharges; (4) there was no reason to refer a part of the case to the ICC and therefore there was no need to stay proceedings for ICC determinations. Al-

---

**2.** *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *see also Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850 (11th Cir.1986).

though GASA maintains that the denial "immediately and irreversibly affects the outcome of this litigation" and that "there is a serious risk of harm to GASA should this case proceed to trial" without immediate appeal, *Gulfstream* has not changed the rule that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream*, —— U.S. at ——-——, 108 S.Ct. at 1138; *Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949).

III. *The Cohen Doctrine*

The final avenue of appeal is the collateral order doctrine, established in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has said that orders entitled to *Cohen* appeals must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). If any one criteria is not met, jurisdiction cannot be invoked under the collateral order exception. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566 (11th Cir.1987). This appeal fails the *Cohen* test on two of the three prongs.

■■■ First, the district court order is not completely separable. An order is separable or "collateral" when the order does not go to the merits of the underlying claim, *Litton Systems Inc. v. Southwestern Bell Tele. Co.*, 539 F.2d 418, 426 (5th Cir.1976), or when the substance is separate from the substance of other claims, *In re Grand Jury Proceedings*, 636 F.2d 81 (5th Cir.1981). In this case the equitable defense and primary jurisdiction arguments raised by GASA are aspects of Feldspar's claim for undercharges. The rejec-

tion of the primary jurisdiction argument is a decision of how to try the case, not a determination of a separate issue.

Second, the district court order will not be unreviewable at a later stage. In prior cases, prompt review was accorded where the appeal represented the last chance to raise the issue before a court, *In re Grand Jury*, 636 F.2d at 84, where the order effectively thwarted further litigation, *In re Nissan*, 552 F.2d 1088 (5th Cir.1977), where "a right [could] not be effectively vindicated after the trial has occurred," *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), or where the order effectively placed the litigant "out of court," *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

In this case, GASA is decidedly left in court. The decision not to refer the specified issues means that the district court retains control over the case, and it may at any time review and revise its decision not to transfer. *Langley v. Colonial Leasing Co. of New England*, 707 F.2d 1, 4 (1st Cir.1983). The defendants in this case will not be irrevocably prejudiced if this case goes forward without interlocutory appeal. *See Delta Traffic Serv., Inc. v. Occidental Chemical Corp.*, 846 F.2d 911 (3d Cir. 1988).

IV. *Conclusion*

Failing to satisfy the requirements for jurisdiction, the appeal is DISMISSED.