Mary Jo BORER, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Defendant–Appellee.

No. 98–4111.

United States Court of Appeals, Sixth Circuit.

Submitted: Oct. 25, 1999

Decided and Filed: Nov. 24, 1999

George R. Royer (briefed), Toledo, Ohio, for Appellant.

Holly Taft Sydlow (briefed), Office of the U.S. Attorney, Toledo, Ohio, for Appellee.

Before: KEITH, CONTIE, and DAUGHTREY, Circuit Judges.

OPINION

CONTIE, Circuit Judge.

Plaintiff-appellant Mary J. Borer ("Borer") filed a motion in district court to prevent the defendant-appellee United States Department of Veterans Affairs ("V.A.") from obtaining access to her financial records. The district court denied Borer's motion on August 14, 1998. We dismiss Borer's appeal for lack of jurisdiction.

I.

Borer's husband received monthly benefits from the V.A. prior to his death. Following his death, Borer received widow's benefits. On April 2, 1998, the V.A. informed Borer that it would be issuing subpoenas for income information to determine her right to continue receiving widow's benefits. On April 16, 1998, Borer filed a motion in district court to prevent the V.A. from obtaining access to her financial records. *See* Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("I, Mary Jo Borer, hereby move this Court, pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, for an order preventing the Government from obtaining access to my financial records. The agency seeking access is the Veterans Benefits Administration of the Department of Veterans Affairs."). On April 17, 1998, Borer filed an Amended Motion for Order Pur-

suant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978.

The V.A. pays benefits to disabled veterans based on financial need. Because these benefits may be reduced on a dollar-for-dollar basis or discontinued altogether when a benefit recipient receives other earned and/or unearned income, the V.A. is authorized to use Internal Revenue Service ("IRS") and Social Security Administration ("SSA") records to verify a benefit recipient's reported income. Specifically, financial records obtained from the SSA and the IRS are compared to Pension Eligibility Verification Reports submitted by benefit recipients to the V.A. every year pursuant to 38 U.S.C. § 1506. When the income reported by benefit recipients differs from the income reported by the IRS and the SSA, the V.A. may issue subpoenas to "require the production of books, papers, documents, and other evidence" pursuant to 38 U.S.C. § 5711. This legislation was enacted to curb overpayments of need-based benefits.

On August 14, 1998, the district court denied Borer's Amended Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 because the court found that the V.A. was entitled to the financial records that it sought because the income that Borer reported in her June 9, 1995 application for death benefits (i.e., zero) differed significantly from the income reported by the IRS (i.e., unearned income exceeding $54,000) for the same time period. Specifically, the district court held:

> This matter is before the Court on the amended Motion for Order Pursuant to Customer Challenge Provision of the Right to Privacy Act of 1978 filed by movant Mary Jo Borer against the United States Department of Veterans Affairs ("VA"). The VA has filed a response to the movant's amended motion and the movant has filed a rebuttal to that response. After consideration of all of the issues before it, this Court has reached the conclusion that movant's motion is not well taken and must be denied and the Government's subpoena issued on April 2, 1998 for income information shall be enforced.

> On April 2, 1998, the VA issued a subpoena to the movant for income information in this case in order to determine her entitlement to payment of veteran benefits. The VA pays monetary benefits to non-service connected disabled veterans based on financial need. Those benefits may either be reduced on a dollar for dollar basis or discontinued when the benefit recipient receives other earned and/or unearned income. The VA is authorized by § 8051 of the Omnibus Budget Reconciliation Act of 1990 to use the Internal Revenue Service ("IRS") and Social Security Administration ("Social Security") income data for income verification of need based pension requests, including that filed by this movant. 38 U.S.C. § 1506. When discrepancies occur between the IRS report on unearned income, as reported by financial institutions, and the verification report submitted by the veteran benefit recipient (movant here), the VA has the subpoena power pursuant to 38 U.S.C. § 5711 to obtain information to verify the information received by it from the movant, IRS and/or Social Security.

> In this instance it is uncontroverted on the record before this Court that the movant in her application for death pension indicated that her income was zero (0). A discrepancy has occurred in that income approximating $54,000 in the form of interest or other similar income for the movant ... was reported by [the] IRS to the VA.

> Under the above circumstances and the applicable law, the VA is entitled to issue a subpoena and cause compliance therewith once the due process procedures mandated by the Right to Privacy Act of 1978 [have been] complied with. It is uncontroverted in the record that the VA has complied with those due

process procedures. Therefore, the VA is entitled to the information sought pursuant to its subpoena issued to the movant [on] April 2, 1998.

It is therefore ORDERED that the movant's amended Motion for Order Pursuant to Customer Challenge Provision of the Right to Financial Privacy Act of 1978 is denied and that the subpoena issued on April 2, 1998 by the VA is ordered to be enforced.

District Court's August 14, 1998 Memorandum and Order at 1–3.

Borer filed her timely notice of appeal on September 14, 1998.

## II.

As noted above, Borer's husband received monthly benefits from the V.A. prior to his death. Following his death, Borer received widow's benefits from the V.A. On April 2, 1998, the V.A. notified Borer that it would be issuing subpoenas for income information because a discrepancy existed in the income that Borer reported in her June 9, 1995 application for V.A. benefits (*i.e.*, zero) and the income reported by the IRS (*i.e.*, unearned income exceeding $54,000) for the same time period. On April 17, 1998, Borer filed an Amended Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 pursuant to 12 U.S.C. § 3410. The district court denied Borer's amended motion on August 14, 1998. Borer now appeals the district court's decision.

On appeal, Borer asserts that the district court erred by denying her 12 U.S.C. § 3410 motion without a hearing. Specifically, Borer argues:

It is important to note that the burden is on the United States to demonstrate the relevancy of the records and the precise need for such records, and the government must meet this exacting burden by demonstrating relevancy to legitimate law enforcement....

The rights of financial privacy ... are considered to be highly regarded and protected rights which should not be so readily invaded without some due process protections accorded to the party against whom the discovery is directed. It is the appellant's position, accordingly, that there should be some minimal right to be heard, confront witnesses, and cross-examine same.

.     .     .     .     .

In this case, there was a request for financial information relative to Petitioner's financial assets. Petitioner argues that such information is not relevant under [12 U.S.C. § 3410(c) and 38 U.S.C. §§ 1506 and 5711] and that such information is privileged under the Privacy Act.... [T]he United States has not shown that it has the right ... to the requested information [because] some of the records sought to be subpoenaed [are] irrelevant....

Appellant's Brief at 10–12.

In response, the V.A. asserts that the district court's decision to deny Borer's request for a hearing and to order compliance with the subpoenas must be affirmed:

The Right to Financial Privacy Act of 1978 protects the privacy of financial records.... [Absent] consent, the United States Department of Veterans Affairs ... must issue a lawful subpoena, summons, formal written request, or search warrant for that purpose. The V.A. must give advance notice of its request ... explaining why the [financial] information is being sought.... In the case at bar, the [V.A.] complied with these requirements....

.     .     .     .     .

The procedures V.A. follows before a subpoena can be issued complies with the due process procedures mandated by the Right to Financial Privacy Act of 1978. Before a subpoena is sent to a financial institution, V.A. gives notice to the veteran benefits recipient of the planned subpoena action and of the pro-

cedures for filing a motion in a federal district court to have the subpoenas quashed. . . .

.    .    .    .    .

Statutory law, regulations and case precedent support the district court's order of compliance with the administrative subpoenas.

Appellee's Brief at 8–12 (citations omitted).

Borer filed this action in district court in an effort to prevent the V.A. from obtaining her financial records. The district court denied Borer's motion to quash the V.A.'s subpoena and ordered that the April 2, 1998 subpoena be enforced. Though neither party addresses the issue, we must first decide whether we have jurisdiction to entertain Borer's request for injunctive relief at this stage of the proceedings. *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990) (jurisdiction may be raised by a court *sua sponte* at any stage of a proceeding).

The Right to Financial Privacy Act of 1978 provides (in relevant part): "A court ruling denying a motion or application under this section shall not be deemed a final order and no interlocutory appeal may be taken therefrom by the customer." 12 U.S.C. § 3410(d). "An appeal of a ruling denying a motion or application under this section may be taken by the customer (1) within such period of time as provided by law as part of any appeal from a final order in any legal proceeding initiated against him arising out of or based upon the financial records, or (2) within thirty days after a notification that no legal proceeding is contemplated against him." *Id.* "The Government authority obtaining the financial records shall promptly notify a customer when a determination has been made that no legal proceeding against him is contemplated." *Id.* If the "Government authority" obtaining the records has not initiated a proceeding within 180 days from the denial of the motion or application, "a supervisory official of the Government authority shall certify to the appropriate

court that no such determination has been made." *Id.* "The court may require that such certifications be made, at reasonable intervals thereafter, until either notification to the customer has occurred or a legal proceeding is initiated." *Id.* Accordingly, Borer must wait until the V.A. concludes its legal action (or until the V.A. notifies her that it does not intend to pursue this matter) before seeking appellate review of the district court's decision denying her motion to quash the subpoena because the district court's order denying her motion to quash the subpoena is not a final and appealable decision. *See SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745–46, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984) ("The most salient feature of the [Right to Financial Privacy] Act is the narrow scope of the entitlements it creates. . . . A customer's ability to challenge a subpoena is cabined by strict procedural requirements. For example, he must assert his claim within a short period of time, and cannot appeal an adverse determination until the Government has completed its investigation. . . . Perhaps most importantly, the statute is drafted in a fashion that minimizes the risk that customers' objections to subpoenas will delay or frustrate agency investigations.") (citations omitted).

Accordingly, this court lacks jurisdiction to entertain Borer's appeal. *See In re Grand Jury Proceedings*, 636 F.2d 81, 84 n. 4 (5th Cir.1981) (The Right to Financial Privacy Act "provides that a court ruling denying a motion or application under the Act is not a final order and may only be appealed as part of a final order in any legal proceeding initiated against the customer arising out of or based upon the financial records."). *See also Daly v. United States*, 51 F.3d 285, 1995 WL 87140 (10th Cir.1995) (unpublished) ("[P]laintiff must await appellate review of the order denying his motion to quash until the SEC concludes its legal action or notifies him that it does not intend to pursue the matter. Therefore, this court lacks jurisdiction to entertain plaintiff's appeal.") (citation omitted); *Turner v. Department of*

236

*Defense,* 1994 WL 88888 (D.C.Cir.1994) (unpublished) ("The Right to Financial Privacy Act does not provide for immediate judicial review of the district court's order filed September 2, 1993. That order will be reviewable, if at all, only as provided in 12 U.S.C. § 3410(d).") (citation omitted).

We therefore **DISMISS** this appeal for lack of jurisdiction.