Dr. Ray IRANI, Tom Jermoluk, Brion B. Applegate, Boris Putanec, Val E. Vaden, Timothy Mott, Edouard Aslanian, Dr. Thomas Roskos, Israel Ury, Thomas M. Roskos Jr., Movants–Appellants,

Neal M. Douglas Plaintiff,

v.

UNITED STATES of America, Defendant–Appellee.

Docket No. 06–0692–CV.

United States Court of Appeals, Second Circuit.

Argued: May 9, 2006.

Decided: May 11, 2006.

Charles P. Hurley, Mayer, Brown, Rowe & Maw LLP, Washington, DC (Hector Gonzalez, Mayer, Brown, Rowe & Maw

LLP, New York, NY, on the brief), for Movants–Appellants.

Kenneth W. Rosenberg, United States Department of Justice, Tax Division, Washington, DC (Eileen J. O'Connor, Assistant Attorney General, Robert W. Meltzer, Department of Justice, Tax Division, Washington, DC, Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, on the brief), for Defendant–Appellee.

Before: WINTER, CABRANES and RAGGI, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

We consider here whether we have jurisdiction to hear an appeal of an order denying a motion under the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401 et seq., to quash a subpoena duces tecum that the Government has served on a bank to obtain financial records relating to individual customers of the bank, where the Government has yet to bring proceedings against those customers or to inform those customers that it has declined to bring proceedings against them. We conclude that we lack jurisdiction and, accordingly, we grant the Government's motion to dismiss the appeal.

We recount only those facts necessary to the resolution of the instant motion to dismiss the appeal.

Dr. Ray Irani, Tom Jermoluk, Brion B. Applegate, Boris Putanec, Val E. Vaden, Timothy Mott, Edouard Aslanian, Dr. Thomas Roskos, Israel Ury, and Thoms M. Roskos, Jr. (collectively, the "Movants"), brought this appeal from an order of the United States District Court for the Southern District of New York (Leonard B. Sand, Judge) denying their motion to quash a subpoena duces tecum that the Government served on Deutsche Bank AG (the "Bank") to obtain financial records concerning the Movants. The subpoena was issued in relation to a pending action in the United States District Court for the Northern District of California, in which Neal M. Douglas and his wife, Christine R. Douglas, have sought to recover a tax refund in connection with investments they made in so-called Custom Adjustable Rate Debt Structure ("CARDS") transactions.[1] The subpoena called for the Bank, through which the CARDS transactions had been processed, to produce documents regarding certain CARDS transactions arranged for particular taxpayers, including the Movants. In October 2005, each of the Movants received a copy of the subpoena and a notice that read, in pertinent part, "Records or information concerning your CARDS transactions which are held by [Deutsche Bank] ... are being sought by the United States in accordance with the Right to Financial Privacy Act of 1978 for the following purpose: to defend its interest in the instant refund case, Neal M. Douglas and Christine R. Douglas v. United States of America." United States' Notice in Compliance with the Right to Financial Privacy Act, Oct. 14, 2005, at 2; see also 12 U.S.C. § 3407(2) (requiring that the Government provide a financial institution's customer whose records are being requested with a copy of the subpoena and a "notice which shall state with reasonable specificity the nature of the law enforcement inquiry").

The Movants brought a motion to quash the subpoena before Judge Sand on the ground that their financial records were not, under the RFPA, "relevant to a legiti-

---

**1.** According to the Government, these transactions enable a taxpayer to use loan assumption agreements to claim an inflated basis in assets so that the taxpayer can then claim a loss resulting from the acquisition and disposition of those assets.

mate law enforcement inquiry," 12 U.S.C. § 3407(1) (providing that a subpoena may be issued only if it "is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry"), because the Movants apparently had no connection to the Douglases' effectuation of CARDS transactions. Most of the Movants submitted affidavits indicating that they had engaged in CARDS transactions independently and did not know the Douglases or anything about their participation in CARDS transactions. Two of the Movants attested to knowing the Douglases but nonetheless having no knowledge of the couple's participation in CARDS transactions. The Government opposed the motion to quash, contending that the CARDS transactions were improper tax shelters and that the documents subject to subpoena fit within the relevance requirement of the RFPA. Specifically, the Government argued that the material sought was "highly relevant" to its enforcement of the tax laws because the documents would be used to determine whether there was a legitimate non-tax purpose behind the CARDS transactions. Gov't Mem. in Opp. to Mot. of Third–Parties to Quash Subpoena Duces Tecum, at 15. In addition, according to the Government, the documents subject to subpoena would be "pattern evidence" that would show whether the CARDS transactions were shams and would be relevant to the application of the so-called "step-transaction" doctrine, *see Comm'r v. Clark*, 489 U.S. 726, 738, 109 S.Ct. 1455, 103 L.Ed.2d 753 (1989) ("Under [the step-transaction] doctrine, interrelated yet formally distinct steps in an integrated transaction may not be considered independently of the overall transaction."). Gov't Mem. in Opp. to Mot. of Third–Parties to Quash Subpoena Duces Tecum, at 10.

Following a hearing on the motion to quash, the District Court denied the motion pursuant to its conclusion that there was a "reasonable belief" that the documents subject to subpoena "are relevant to the Government's investigation of a pattern of improper financial activity." *Douglas v. United States*, 410 F.Supp.2d 292, 297 (S.D.N.Y.2006). The Court also determined that "the sequence of steps undertaken by movants in undertaking the CARDS transactions relates to [the Douglases'] intentions and their understanding of the disputed transactions." *Id.* at 298.

The Movants moved for a stay of the District Court's order pending appeal. In a hearing on the motion conducted by telephone on February 9, 2006, the Government agreed that if it were to make use of the documents subject to subpoena for purposes other than those relating to the Douglas case it would provide notice to the Movants. The Government refused, however, to consent to a protective order limiting the use of the documents to the Douglas case. The Government explained that "[o]f course, our purpose for seeking these documents was for use in the Douglas Case. We just have a concern that we not tie our hands in the event that the documents, once we received them, you know, indicate other avenues to pursue." Tr. of Hr'g, Feb. 9, 2006, at 3. The District Court denied the Movants' motion for a stay but granted a temporary stay so that the Movants could seek a stay and bring an appeal in this Court.

On February 13, 2006, the Movants filed a timely notice of appeal from the District Court's order denying their motion to quash. We granted a temporary stay pending a hearing on the Movants' stay motion. The Government has moved to dismiss the appeal, contending that we lack jurisdiction. We agree.

■ The RFPA, which imposes limits on the Government's access to records of

financial institutions concerning individual customers, was "intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." H.R.Rep. No. 95–1383 (1978), *reprinted in* 1978 U.S.C.C.A.N. 9273, 9305. The statute creates entitlements of "narrow scope" and "is drafted in a fashion that minimizes the risk that customers' objections to subpoenas will delay or frustrate agency investigations." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745–46, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984).

The RFPA provides that the Government may issue a subpoena only for the records of customers of financial institutions if "such subpoena is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. § 3407(1). When the Government exercises its subpoena authority, a customer of a financial institution challenges the subpoena, and a district court rejects the challenge, appellate review is governed by 12 U.S.C. § 3410(d). That provision states explicitly that "[a] court ruling denying a motion or application ... shall not be deemed a final order and no interlocutory appeal may be taken therefrom by the customer." *Id.* § 3410(d). It continues by setting forth the circumstances in which an appeal may be taken:

> An appeal of a ruling denying a motion or application under this section may be taken by the customer (1) within such period of time as provided by law as part of any appeal from a final order in any legal proceeding initiated against him arising out of or based upon the financial records, or (2) within thirty days after a notification that no legal proceeding is contemplated against him. The Government authority obtaining the financial records shall promptly notify a

customer when a determination has been made that no legal proceeding against him is contemplated. After one hundred and eighty days from the denial of the motion or application, if the Government authority obtaining the records has not initiated such a proceeding, a supervisory official of the Government authority shall certify to the appropriate court that no such determination has been made. The court may require that such certifications be made, at reasonable intervals thereafter, until either notification to the customer has occurred or a legal proceeding is initiated ....

*Id.* The RFPA makes clear that the means of judicial review provided for in the statute are exclusive. *See id.* § 3410(e) ("The challenge procedures of this chapter constitute the sole judicial remedy available to a customer to oppose disclosure of financial records pursuant to this chapter.").

It is undisputed that to date no legal proceeding has been brought against the Movants with respect to the records at issue, so subsection (1) of § 3410(d) is not relevant here. Accordingly, the Movants may only proceed with their appeal if they have been provided with "a notification that no legal proceeding is contemplated against [them]." 12 U.S.C. § 3410(d)(2). The Movants purport to find such notification at three points in the record. The Movants refer to the notice of the subpoena, *see ante* at 508; the Government's memorandum in opposition to Movants' motion to quash the subpoena, *see ante* at 509; and the transcript of the February 9, 2006 hearing, *see ante* at 509. None of the sources to which the Movants point constitutes a "notification that no legal proceeding is contemplated against [the Movants]." 12 U.S.C. § 3410(d)(2). Instead, those sources convey that the Government sought the documents in relation to the Douglas case; the Government never dis-

claimed any other use of the information it would gather. We reject the Movants' argument that the Government's assertions of its immediate intent, without more, amount to "an affirmative statement that no legal action has ever been contemplated against the [Movants]." Appellants' Mem. in Opp'n of Appellee's Mot. to Dismiss Appeal and in Supp. of Appellants' Emergency Mot. to Stay, at 2.

█ Although the RFPA requires that the notice of a subpoena "shall state with reasonable specificity the nature of the law enforcement inquiry" in connection with which documents have been sought, 12 U.S.C. § 3407(2), the Movants refer to nothing in the statute that restricts the Government from using the information obtained through the subpoena to investigate one or more of the Movants if the records produced were to suggest that such an investigation is appropriate. *Cf.* 12 U.S.C. § 3413(h) (prohibiting the information disclosed pursuant to an investigation of a *financial·institution* from being used against individual customers). The records subject to subpoena may therefore lead to proceedings against one or more of the Movants, and, notwithstanding the Government's expression of its immediate intention to obtain information for the specific purpose of litigating the Douglas case, the Government has not rejected the possibility of bringing such other proceedings.

As the record reflects that the Government has not provided any of the Movants notification that it will not pursue legal action against him, we are precluded from exercising jurisdiction over the appeal. *See* 12 U.S.C. § 3410(d)(2); *see also Borer v. U.S. Dep't of Veterans Affairs,* 197 F.3d 232, 235 (6th Cir.1999) (requiring that an RFPA movant "wait until the [agency] concludes its legal action (or until the [agency] notifies [the movant] that it does not intend to pursue [such action] ) before

seeking appellate review of the district court's decision denying her motion to quash the subpoena because the district court's order denying her motion to quash the subpoena is not a final and appealable decision"); *In re Grand Jury Proceedings,* 636 F.2d 81, 84 n. 4 (5th Cir. Unit B Jan.1981) ("Regarding *customers* of financial institutions, the [RFPA] provides that a court ruling denying a motion or application under the Act is not a final order and may only be appealed as part of a final order in any legal proceeding initiated against the customer arising out of or based upon the financial records." (emphasis in original)). Accordingly, the appeal is DISMISSED.