[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13551

Non-Argument Calendar

————————————————

GREGORY BRIAN MYERS,

Plaintiff-Counter Defendant-Appellant,

*versus*

NAPLES GOLF AND BEACH CLUB, INC.,
a Florida Corporation,
NAPLES PROPERTY HOLDING COMPANY, LLC,
aDelaware limited liability company,

Defendants-Appellees,

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021,

NAPLES  BEACH  CLUB  PHASE  II  AND  III  LAND  TRUST
TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021,
NBC CLUB OWNER, LLC,
a Delaware limited liability company,

Defendants-Counter Claimant-Appellees.

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00846-JES-KCD

—————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Gregory  Brian  Myers,  proceeding  *pro se*,  appeals  from  the
district court's September 20, 2024, and October 24, 2024, orders.
The September order directed Myers to respond to the defendants'
motion to remand the action to state court, and the October order
remanded the action to state court and terminated his motion to
compel arbitration and stay the proceedings.  The appellees filed
motions to dismiss the appeal and to impose various sanctions on
Myers under Federal Rule of Appellate Procedure 38.

24-13551                Opinion of the Court                3

As we explained in one of Myers's earlier appeals, he lacks standing to appeal from an order directing him to respond to a remand motion because he was not aggrieved by it. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 54 (11th Cir. 2003). And we lack jurisdiction to review the remand order because it was based on lack of subject matter jurisdiction and a timely remand motion. *See* 28 U.S.C. § 1447(c), (d); *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021); *see also New v. Sports & Recreation*, 114 F.3d 1092, 1096 (11th Cir. 1997) (explaining that "a district court does not have to expressly state its reliance on [§] 1447(c) to preclude appellate review"). Myers did not remove the case under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d); *BP P.L.C. v. Mayor of Balt.*, 141 S. Ct. 1532, 1538 (2021).

That Myers cited 28 U.S.C. § 1452 in his notice of removal and the district court terminated his motion to compel arbitration and to stay the case in its remand order do not change this conclusion. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128-29 (1995) (concerning appeals from orders remanding cases removed under the bankruptcy removal statute); *Wu v. Liu*, 131 F.3d 1295, 1300-02 (11th Cir. 2025) (concerning appeals from orders that both deny motions to compel arbitration and remand actions to state court); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014) (concerning appeals from orders denying motions to stay under the final judgment rule and collateral order doctrine); *Feldspar Trucking Co., Inc. v. Greater Atlanta Shippers Ass'n*, 849 F.2d 1389, 1391-92 (11th Cir. 1988) (concerning appeals from orders denying motions to stay under 28 U.S.C. § 1292(a)(1)).

4                    Opinion of the Court                    24-13551

Additionally, our rulings in Myers's previous appeals, including our imposition of sanctions against him in appeal number 24-12043, sufficiently placed him on notice that this appeal was frivolous. *See* Fed. R. App. P. 38; *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). We thus find sanctions are appropriate here too.

Accordingly, the appellees' motions to dismiss this appeal are GRANTED, and this appeal is DISMISSED. Their motion to impose Rule 38 sanctions is GRANTED. They may submit, within 14 days of the entry of this order, time records, affidavits, and other documents that will support their requests for awards of reasonable attorneys' fees. Naples Golf and Beach Club, Inc.'s motions to expedite the appeal are DENIED as moot.