**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-14218
Non-Argument Calendar
_____

In re: FULCRUM LOAN HOLDINGS, LLC, et al.,

*Debtor.*

_____

WAYNE LYLE,
CHUCK CARY,

*Plaintiffs-Appellants-Cross Appellees,*

*versus*

FULCRUM LOAN HOLDINGS, LLC,
BAY POINT CAPITAL ADVISORS, II, LP,
BAY POINT CAPITAL PARTNERS II, LP,

*Defendants-Appellees,*

RONALD LAVENTHAL,

*Defendant-Appellee-Cross Appellant.*

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-06428-TRJ,
Bkcy No. 23-56114-pwb

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Wayne Lyle and Charles Cary appeal from the district court's order denying their emergency motions to stay a sale of real property pending the appeal to the district court of a confirmation order in a core bankruptcy proceeding. Ronald Leventhal, proceeding pro se, cross-appeals from the same order. We asked the parties to address our jurisdiction to review the order and whether the appeal is now moot.

In their response, Lyle and Carey move to dismiss the appeal for lack of jurisdiction, arguing that their appeal is now moot and was taken from an interim order. Appellee Bay Point Capital Partners II, LP agrees, contending that the district court's order was an unappealable interlocutory ruling and that the appeal is moot now that the auction of the property at issue has occurred. Leventhal disagrees, contending that the appeal will not become moot until the bankruptcy court confirms the auction sale. We have considered all of Leventhal's filings about the jurisdictional issues, thus mooting his motion to consolidate his jurisdictional filings.

In bankruptcy cases, our jurisdiction extends to "all final decisions, judgments, orders, and decrees" entered by the district

court.  28 U.S.C. §§ 158(d)(1), 1291.  Additionally, there are three narrow jurisprudential exceptions to the finality requirement—the collateral order doctrine, the practical finality doctrine, and the marginal finality doctrine.  *See Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 725-27 (11th Cir. 1995).

The district court's order refusing to stay the sale is not final, as it did not end any bankruptcy proceedings, and it is not immediately appealable under the narrow exceptions to the finality requirement.  *See* 28 U.S.C. §§ 158(d), 1291.  The order does not implicate a substantial public interest or an unsettled issue of national significance, so the collateral order and marginal finality doctrines do not apply.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-55 (11th Cir. 2014) (holding that the denial of a motion to stay is not a final order and is not appealable under the collateral order doctrine); *cf. Feldspar Trucking Co., Inc. v. Greater Atlanta Shippers Ass'n, Inc.*, 849 F.2d 1389, 1391-92 (11th Cir. 1988) (holding that a district court's refusal to stay its own proceedings is not appealable); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978) (noting that the applicability of the marginal finality exception is limited to "an unsettled issue of national significance"), *superseded by rule on other grounds as stated in Microsoft Corp. v. Baker*, 582 U.S. 23 (2017).  And the order did not decide any rights to the property at issue or direct its immediate delivery, so the doctrine of practical finality does not apply.  *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 991-92 (11th Cir. 2022) (explaining that the practical finality doctrine treats an order as final if it decides the right to the property in contest, directs immediate delivery of the property,

and subjects the losing party to irreparable harm if appellate review is delayed).

Accordingly, Lyle and Carey's motion to dismiss is GRANTED and their appeal and Leventhal's cross-appeal are DISMISSED for lack of jurisdiction.  All other pending motions are DENIED as moot.